UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE SMITH (a pseudonym),<br><br>      Plaintiff,<br><br>  v.<br><br>JOHN ROE (a pseudonym), and<br>MASSACHUSETTS INSTITUTE OF<br>TECHNOLOGY,<br><br>      Defendants | Civil Action No.: 1:25-cv-10949-JEK |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTIONS
### TO REASSIGN THE CASE AND DISMISS THE COMPLAINT

Defendants Massachusetts Institute of Technology ("MIT") and John Roe submit this memorandum in support of their Motion to Reassign the Case to Judge Young and their Motion to Dismiss the Complaint.

#### RELEVANT FACTS AND PROCEDURAL HISTORY

**A.    The Parties**

MIT is a non-profit university, the mission of which is to advance knowledge and educate students in science, technology, and other areas of scholarship. The plaintiff in this case, "Jane Smith" (a pseudonym), was an independent contractor and later an employee of MIT. She worked in a laboratory at MIT led by defendant "John Roe" (also a pseudonym). Plaintiff and Roe also co-founded a software company.

**B.    Plaintiff Files an Earlier Lawsuit Against MIT and Roe**

Plaintiff filed her original complaint against MIT and Roe in the Superior Court for Middlesex County on May 5, 2023, alleging unlawful discrimination in connection with her employment with MIT, violations of the Massachusetts wage and hour laws, and various common law claims. MIT and Roe removed the case to this court on August 23, 2023, based on

federal question jurisdiction, and it was assigned to Hon. William G. Young. *Jane Doe v. John Roe and Massachusetts Institute of Technology*, C.A. No. 1:23-cv-11935.

On August 30, 2023, MIT and Roe moved to dismiss the original complaint, citing among other grounds Plaintiff's violation of Rule 10(a): specifically, Plaintiff failed to seek leave of court to proceed pseudonymously and there was no basis for her to proceed pseudonymously. *Id.*, Dkt. 7, 8.

Plaintiff did not oppose the motion to dismiss. Instead, on November 3, 2023, she filed a First Amended Complaint, in which she revised her claims against MIT and Roe, alleging that MIT and/or Roe discriminated against her in her employment at MIT on the basis of sex and disability; retaliated against her for complaining about discrimination; misclassified her as an independent contractor; and failed timely to pay her wages. *Id.*, Dkt. 15, Counts One through Fifteen. The Amended Complaint also purported to assert derivative claims on behalf of the software company that Plaintiff and Roe co-founded for breach of fiduciary duty and violation of Chapter 93A. *Id.*, Dkt. 15, Counts Sixteen and Seventeen. The Amended Complaint also stated that Plaintiff intended to file a motion for leave to proceed under a pseudonym, *id.*, Dkt. 15 at 1 n.1, but no such motion ever was filed.

      C.      **Judge Young Dismisses the Earlier Lawsuit**

On March 13, 2024, Judge Young heard argument on the second motion to dismiss. Judge Young agreed with MIT and Roe that Plaintiff had no basis to proceed under a pseudonym. At the conclusion of the hearing, he orally ordered Plaintiff to file another amended complaint in her own name within thirty days of the hearing or the case would be dismissed. *Id.*, Dkt. 34. Judge Young went on to address Plaintiff about possible statute of limitations issues should she file a new lawsuit against the Defendants and informed her she could not "just file

another case before another judge or something, because our relatedness rules do require that [she] come back to [him]." *See* Excerpt from March 13, 2024 Hearing Transcript at 20:16-20, attached as **Exhibit A**.

Plaintiff did not file an amended complaint. Accordingly, on April 25, 2024, the Court entered an order dismissing the case. *Id.*, Dkt. 36.

### D. Plaintiff Files an Untimely Appeal from the Order of Dismissal

Plaintiff filed a notice of appeal from Judge Young's April 25, 2024 order of dismissal, but did so much too late. Instead of filing within 30 days of the order, as required by Fed. R. App. 4, Plaintiff filed her notice of appeal 137 days after entry of the order, on September 9, 2024. *Id.*, Dkt. 38. On February 10, 2025, the First Circuit entered judgment dismissing the appeal as untimely. *Id.*, Dkt. 45; First Circuit No. 24-1828.

### E. Plaintiff Seeks Further Relief from Judge Young, Which is Denied, and Appeals Again

On April 2, 2025, Plaintiff returned to the District Court to file a motion for relief from Judge Young's March 13, 2024 verbal order requiring her to file an amended complaint in her own name or the case would be dismissed. No. 1:23-cv-11935, Dkt. 47. In the same motion, "John Doe" (a pseudonym) sought leave to intervene in Plaintiff's case. *Id*. John Doe formerly worked in Roe's lab as a temporary agency placement. Before seeking to intervene in Plaintiff's litigation, Doe filed his own claims against MIT, claiming that MIT retaliated against him for complaining about alleged discrimination against women in Roe's lab at MIT. *John Doe v. Massachusetts Institute of Technology*, C.A. No. 1:23-cv-11490-PBS, at Dkt. 1.[1]

---

[1] Doe sued MIT on June 30, 2023, and the case was assigned to Hon. Patti B. Saris. After Judge Saris entered an ex parte order allowing Doe to proceed under a pseudonym, MIT moved for reconsideration, demonstrating that Doe had no basis to proceed under a pseudonym. *Id*., Dkt. 46, 47. On July 25, 2024, Judge Saris allowed the motion for reconsideration and entered an

3

On April 10, 2025, Judge Young summarily denied Plaintiff's motion because it stated no basis for relief and denied John Doe's motion because "there is no live case into which he may intervene." *Id.*, Dkt. 49.

On May 12, 2025, Plaintiff and John Doe appealed from Judge Young's order of April 10, 2025. First Circuit No. 25-1465. On May 29, 2025, MIT and Roe filed a motion for summary disposition of the appeal, which remains pending before the First Circuit.

### F. Plaintiff Files this Lawsuit, Which is Essentially Identical to the Earlier Case Before Judge Young

On April 14, 2025, four days after Judge Young summarily denied Plaintiff's motion for post-judgment relief and John Doe's motion to intervene, Plaintiff filed her Complaint in this case. It is essentially identical to the First Amended Complaint that Plaintiff filed in the earlier case before Judge Young. It contains the same parties, nearly identical factual allegations, and the same claims for relief. The only differences are the adoption of a new pseudonym ("Jane Smith" instead of "Jane Doe"), a handful of formatting and grammatical changes, and a few minor changes – none of which involve any material differences from the earlier complaint. A "redline" comparison of the 2023 First Amended Complaint with the Complaint in this case is attached as **Exhibit B**.

---

order requiring Doe to file an amended complaint in his own name within 30 days. *Id.*, Dkt. 61, 63. Doe did not do so. Instead, he filed a "Motion to Alter or Amend the Judgment," which Judge Saris denied. *Id.*, Dkt. 66, 70. Doe's appeal from the July 25, 2024 order is pending. First Circuit No. 24-1888. On July 22, 2025, Doe filed with Judge Saris a motion for relief from the July 25, 2024 order, even though he already is appealing it to the First Circuit. *Id.*, Dkt. 84. In that same motion, the Plaintiff in this case seeks to intervene in Doe's case. *Id.*

4

ARGUMENT

I.     **The Case Should be Reassigned to Judge Young.**

Plaintiff appears to have filed her Complaint in this case under the new pseudonym "Jane Smith" with the hope and expectation that it would not be assigned to Judge Young and that another judge of this court would allow her to proceed under a pseudonym. In furtherance of her apparent scheme to avoid assignment of this case to Judge Young, Plaintiff violated both the Local Rules and a specific directive of this Court.

Local Rule 3.1 requires that "[t]he party filing the initial pleading shall also file a civil cover sheet in the form prescribed by the Judicial Conference of the United States (JS 44) and the local category sheet." The local category sheet, among other things, requires a plaintiff to identify any "related cases" as defined in Local Rule 40.1(g). This case obviously is "related" to the earlier case before Judge Young, as it involves the same parties; the cases involve the same or substantially similar issues of fact; and the cases arise out of the same occurrences. L.R. 40.1(g)(1)(A). Plaintiff violated Local Rule 3.1 by failing to file the required civil cover sheet and local category sheet, which would have resulted in the assignment of this case to Judge Young. Moreover, as noted above, Judge Young's specifically admonished Plaintiff at the hearing on March 13, 2024 that if she refiled the same claims, the relatedness rules would require that the case be assigned to him. *See* **Exhibit A**.

On April 15, 2025, the Court directed Plaintiff to file the missing civil cover sheet and local category sheet. Dkt. 3. Plaintiff has failed to comply. As of the date of this filing, Plaintiff has filed neither document.

Local Rule 40.1(g)(6) provides that where, as in this case, "a defendant believes that a case that has not been designated as related should have been so designated," the defendant

"shall file a motion in the later filed case for the judge's consideration of transfer or reassignment of the case pursuant to Section (j) of this Rule." In turn, Local Rule 40.1(j)(1) provides that a case may be reassigned "[i]n the interest of justice or to further the efficient performance of the business of the court." Plainly it would be in the interest of justice and would further the efficient administration of the court's business for this case to be heard by Judge Young, who already is familiar with the issues in this case and the relevant procedural background, and who previously indicated that a re-filing such as this one would be assigned to him.

## II.   The Complaint Should be Dismissed Because Plaintiff Willfully Violated the Local Rules and a Directive of the Court.

Plaintiff's violation of the Local Rules and failure to comply with the Court's directive to cure those violations cannot be reasonably construed as a mere oversight. Nor can it be excused because Plaintiff is pro se. Plaintiff is a well-educated, sophisticated individual. She has a Ph.D., worked as a research scientist at MIT, and co-founded a software company. She has aggressively litigated her claims in both the District Court and the First Circuit, amply demonstrating her ability to understand and abide by the applicable rules and court orders – when it suits her purposes. Here, however, she willfully chooses not to, in a brazen attempt to avoid this case being assigned to Judge Young. This warrants dismissal. *See, e.g., Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) ("disobedience of court orders, in and of itself, … warrants dismissal") (quoting Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002)).

## III.   The Complaint Should be Dismissed Because it Fails to Identify Plaintiff by Name.

As Judge Young already has ruled, there is no basis for Plaintiff to proceed under a pseudonym. Federal Rule of Civil Procedure 10(a) requires a complaint to "name all the parties," including the plaintiff. A plaintiff may obtain leave to proceed pseudonymously only in

6

"exceptional cases." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 70 (1st Cir. 2022). The First Circuit has identified four general categories of "exceptional" cases in which anonymity generally is warranted: (1) where a person reasonably fears unusually severe physical or psychological harm; (2) where harm would come to innocent non-parties; (3) where "anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated," which typically arises in cases involving "sexual activities, reproductive rights, bodily autonomy, medical concerns, and abuse of minors"; and (4) cases that are "bound up with a prior proceeding made confidential by law," such as one involving juvenile records or a family court adjudication. *Id.* at 71.

No such circumstances are present in this case. Nor do any other "exceptional circumstances" exist in this case that would warrant leave to proceed pseudonymously. To the contrary, Plaintiff's Complaint asserts employment discrimination, retaliation, and other claims of the sort that plaintiffs routinely and appropriately litigate in their own names.

Moreover, Plaintiff's Complaint specifically references, and is based in part upon, complaints she previously filed in the Massachusetts Commission Against Discrimination ("MCAD") and the U.S. Department of Labor, Dkt. 1, ¶ 85, both of which she brought in her own name.[2] That alone defeats any attempt to litigate this case using a pseudonym. *See Doe v. Bell Atlantic Business Systems Services, Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995) ("[B]ecause plaintiff's true identity was revealed in administrative proceedings [before the EEOC and MCAD], the request for anonymity is effectively moot.").

---

[2] Defendants have not submitted these administrative complaints as exhibits because they identify Plaintiff by name. Although Defendants maintain that Plaintiff has no basis to proceed in this Court pseudonymously, they will refrain from naming Plaintiff in a public filing pending a ruling from the Court.

Because there is no basis for Plaintiff to proceed under a pseudonym, the Complaint must be dismissed for this reason as well.

**IV.     Plaintiff's Claims are Barred by the Applicable Statutes of Limitations.**

**A.     General Principles**

"A cause of action generally accrues at the time of the plaintiff's injury ...." *Regal v. Wells Fargo Bank, N.A.*, 205 F. Supp. 3d 195, 205 (D. Mass. 2016) (citing *Salois v. Dime Sav. Bank of New York, FSB*, 128 F.3d 20, 25 (1st Cir.1997)).

"Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to 'sketch a factual predicate' that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." *Doe v. Bos. Pub. Sch.*, 80 F. Supp. 3d 332, 335 (D. Mass. 2015) (citing *Trans–Spec Truck Serv., Inc. v. Caterpillar, Inc.,* 524 F.3d 315, 320 (1st Cir.2008)).

"Where no federal statute of limitations is provided, federal courts adopt the most analogous state statute of limitations in the forum state." *Doe v. Bos. Pub. Sch.*, 80 F. Supp. 3d 332, 335–36 (D. Mass. 2015).

**B.     Plaintiffs' Claims All are Untimely.**

Plaintiff filed her Complaint on April 14, 2025.[3] Dkt. 1.  Her Complaint alleges facts related to her employment at MIT dating back to 2021, *at the latest*—as the latest event she alleges with respect to her employment with MIT and any adverse consequences thereof took place in mid-2021.  *Id.*, ¶¶ 87(a), (c), (f).

---

[3] Plaintiff's previous lawsuit does not toll the statute of limitations by the sole virtue of having been dismissed without prejudice. *See Chico-Velez v. Roche Prods., Inc.*, 139 F.3d 56, 59 (1st Cir. 1998) ("[A] prescriptive period is not tolled by filing a complaint that is subsequently dismissed without prejudice.").

In Massachusetts, the applicable statute of limitations for employment claims under chapter 149 is three years. *See* Mass. Gen. Laws ch. 149, § 150. Counts One, Two, and Three of Plaintiff's Complaint assert claims of failure to pay timely wages, misclassification, and retaliation under chapter 149. Because those claims accrued no later than 2021 and Plaintiff filed her Complaint on April 14, 2021, more than three years have passed. Therefore, Counts One, Two and Three are barred by the chapter 149 statute of limitations.

Similarly, Massachusetts employment-related claims under chapter 151B have a limitations period of three years. *See* Mass. Gen. Laws ch. 151B, § 9. Plaintiff's Counts Four, Five, Six, Seven, and Eight are all made pursuant to chapter 151B. These counts include handicap discrimination (failure to accommodate), sex discrimination, hostile work environment (sex and gender discrimination harassment), discrimination, and retaliation. These claims also accrued no later than 2021. Therefore, they are untimely and barred.

"Title IX does not contain a statute of limitations." *Czerwienski v. Harvard Univ.*, 666 F. Supp. 3d 49, 77 (D. Mass. 2023) (citation omitted). Accordingly, courts ordinarily borrow the forum state's statute of limitations for personal injury actions. *Id.* (citing *Doe v. Town of Bourne*, No. Civ. A. 02-11363-DPW, 2004 WL 1212075, at *11 (D. Mass. May 28, 2004)) (finding that "Massachusetts's three-year statute of limitations for personal injury actions applies to the Title IX claims"). The same is true for the statute of limitations under the federal Americans with Disabilities Act (ADA). *See Doukas v. Metro. Life Ins. Co.*, 882 F. Supp. 1197, 1199-200 (D.N.H. 1995).

Counts Nine, Ten, Eleven and Twelve are made pursuant to Title IX for deliberate indifference to discrimination, hostile work environment, and retaliation. Counts Thirteen and Fourteen assert ADA claims of failure to accommodate and retaliation. All of these claims

9

similarly accrued no later than 2021.  Therefore, they are barred under Massachusetts's three-year statute of limitations for personal injury actions.

The statute of limitations applicable to derivative claims or actions in Massachusetts generally depends on the nature of the underlying claim being pursued derivatively.  *See Woodcock v. Am. Inv. Co.*, 380 N.E.2d 624, 627 (1978) ("The appropriate statute of limitations appears logically to be that governing the corporate claim which the shareholder pursues derivatively."); *see also Kirley v. Kirley*, 521 N.E.2d 1041, 1043 (1988) ("In shareholder's derivative suits, the alleged wrongs to the company determine the relevant statute of limitations.").

The statute of limitations for common-law claims in tort, such as breach of fiduciary duty, is also three years from the date of the injury.  *See* Mass. Gen. Laws ch. 260, § 2A; *see also Pearson v. United States*, 831 F. Supp. 2d 514, 519 (D. Mass. 2011), *aff'd*, No. 13-1114, 2013 WL 6579000 (1st Cir. Oct. 2, 2013) ("Under Massachusetts law, a claim for breach of fiduciary duty is an affirmative cause-of-action sounding in tort.").

The limitations period for violations of Mass. Gen. Laws ch. 93A is four years.  *See Fine v. Huygens, DiMella, Shaffer & Assocs.*, 57 Mass. App. Ct. 397, 404 (2003) ("Claims asserting unfair and deceptive trade practices under c. 93A are governed by a four-year limitations period"); *see also* Mass. Gen. Laws ch. 260, § 5A (four-year statute of limitation for violations of consumer protection statutes).

Counts Fifteen and Sixteen of the Complaint allege derivate claims against Roe for breach of fiduciary duty, and against MIT for a violation of chapter 93A, respectively.  Although the LLC under which the derivative claims are brought no longer existed as of June 2020, Plaintiff alleges facts pertaining to those claims dating between February 2021 and March 2023.

Dkt. 1, ¶ 88, 88(a), (b). Therefore, as pled, they began to accrue in 2021. To the extent any of these claims survive, they would be limited in time from April 14, 2022 for the breach of fiduciary duty, and from April 14, 2021 for the chapter 93A claim.

## CONCLUSION

For the foregoing reasons, the Court should enter orders reassigning the case to Judge Young and dismissing the Complaint.

August 1, 2025

        MASSACHUSETTS INSTITUTE OF TECHNOLOGY and JOHN ROE,

        */s/ Daryl J. Lapp*
        Daryl J. Lapp, BBO #554980
        Nathalie Vega Crespo, BBO #712480
        TROUTMAN PEPPER LOCKE LLP
        111 Huntington Avenue, 9th Floor
        Boston, Massachusetts 02199
        617-230-0100
        daryl.lapp@troutman.com
        nathalie.vega@troutman.com
        JOHN ROE,

        */s/ Barbara A. Robb*
        Barbara A. Robb, BBO#639976
        Patrick J. Hannon, BBO #664958
        HARTLEY MICHONE ROBB HANNON LLP
        101 Federal Street, Suite 1810
        Boston, Massachusetts 02210
        617-723-8000
        brobb@hmrhlaw.com
        phannon@hmrhlaw.com

**Certificate of Service**

On August 1, 2025, I caused a copy of the foregoing document to be served upon the plaintiff by first-class mail.

        */s/ Daryl J. Lapp*
        Daryl J. Lapp

145656157v2