UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE SMITH,<br>    Plaintiff,<br>v.<br><br>JOHN ROE (a pseudonym),<br>MASSACHUSETTS INSTITUTE OF<br>TECHNOLOGY,<br>    Defendants. | Civil Action No. 1:25-cv-10949 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION
TO MODIFY PENDING EXTENSION REQUEST**

Plaintiff Jane Smith, proceeding pro se, respectfully submits the following memorandum of law in support of her motion to modify her pending extension request to file opposition to Defendants' Motion to Dismiss, requesting an additional seven (7) days which would further extend the deadline from September 9, 2025, to September 16, 2025.

Under Federal Rule of Civil Procedure 6(b)(1), a court may extend time "for good cause" if a party requests an extension before the original deadline expires. The "good cause" standard considers factors including the moving party's diligence and whether the extension would prejudice the opposing party.

Good cause exists because Plaintiff's discovery of significant procedural complexities after filing the initial extension request demonstrates unanticipated circumstances. The modest seven-day extension will not prejudice the Defendants, and equity supports the extension when the need for additional time arises from the unusual procedural posture created by Defendants' own filings and litigation strategy, as described in four parts below. These substantial procedural complexities require additional research, analysis, and potential motion practice.

***First***, Defendants' motion presents threshold procedural questions that require careful analysis to determine the appropriate response. Defendants' motion to dismiss, filed in lieu of an

1

answer, fails to specify whether it proceeds under Federal Rule of Civil Procedure 12(b)(6), 12(b)(1), or any other dismissal authority. The motion appears to combine dismissal arguments under multiple authorities with a motion to reassign venue, potentially violating Federal Rule of Civil Procedure 12(g)(2)'s prohibition on combining certain motions. Additionally, the motion cites no legal standard for any dismissal argument while including extensive factual assertions not cited to the Complaint, creating uncertainty about whether the Defendants rely on matters outside the pleadings under Federal Rule of Civil Procedure 12(d). These procedural irregularities require Plaintiff to consider whether additional motion practice may be necessary before, or concurrently with, an effective opposition.

*Second*, the substantive arguments in Defendants' motion present complex legal and factual issues requiring thorough research. In Argument IV, Defendants argue that sixteen claims spanning multiple state and federal statutes are all untimely but state no legal standard for accrual of any claim and omit reference to the applicable Massachusetts savings statute, despite being on notice of it from related appellate proceedings. In support of untimeliness, Defendants cite only two paragraphs from Plaintiff's 202-paragraph complaint, and those citations appear inconsistent with the referenced content. These apparent gaps in legal authority and factual support require Plaintiff to research the appropriate procedural responses and consider whether the deficiencies warrant relief beyond a standard opposition.

*Third*, Defendants' Arguments I-III rely heavily on factual assertions that appear inconsistent with the record and may also require consideration of procedural remedies. For example, despite defense counsel's presence at the hearing in which Plaintiff explained that her temporary pseudonym use was needed a name change process, despite Plaintiff's pre-motion email notification that the name Jane Smith is not a pseudonym, and despite the name Jane Smith stated without "pseudonym" in the case caption, Defendants repeatedly assert pseudonymity

2

without record support. This factual premise underlies three of their four substantive arguments. Comparison between the Complaint as filed (Dkt. 1) and Defendants' Exhibit B reveals material discrepancies that require careful analysis and consideration of appropriate procedural responses.

***Fourth***, the Defendants' venue transfer request creates additional jurisdictional and procedural complexity because denial of John Doe's motion to intervene in the Jane Doe case is currently pending before the First Circuit. Any transfer that would split the John Doe and Jane Doe/Smith cases before two different judges (i.e., Young and Saris) would foreclose a key benefit of the relief John Doe seeks on appeal, specifically designation of relatedness under Local Rule 40.1(d) if intervention is ultimately granted.

These questions require Plaintiff to research unfamiliar areas of federal practice, including the interplay between Rules 12(d), 12(g)(2), 11, and others, as well as the relationship between appellate and district court jurisdiction during simultaneous proceedings. As a pro se litigant, Plaintiff requires additional time to navigate these complex procedural issues while ensuring accurate presentation of legal and factual arguments. The procedural irregularities and apparent inconsistencies in Defendants' motion have created a situation requiring analysis well beyond that typically necessary for an ordinary opposition to a motion to dismiss. Plaintiff has acted diligently in filing her initial extension request promptly and in seeking this modification as soon as the additional complexities became apparent through further research.

The requested seven-day extension will cause no prejudice to Defendants. The extension is modest and will not delay resolution of the underlying motion significantly. Defendants will benefit from a more thorough and accurate response that addresses the procedural complexities their motion practice, and own their strategic decisions, have created.

For the foregoing reasons, Plaintiff respectfully requests this Honorable Court grant the requested modification extending the deadline to September 16, 2025.

Respectfully submitted,

*/s/ Jane Smith*
Jane Smith, Plaintiff Pro Se
ASPIRE c/o Jane Smith
6 Liberty Sq Suite 94450
Boston, MA 02109
jane@joinaspire.org, (617) 798-0945

Dated: September 11, 2025

## CERTIFICATE OF SERVICE

I, Jane Smith, hereby certify that on September 11, 2025, I caused true and correct copies of the foregoing to be served as follows:

Via first-class mail, postage prepaid, upon:

Daryl J. Lapp, Esq.
Troutman Pepper Locke
111 Huntington Avenue
Boston, MA 02199

*/s/ Jane Smith*
Jane Smith, Plaintiff Pro Se