UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE SMITH,            Plaintiff, <br> v. <br><br> JOHN ROE (a pseudonym), <br> MASSACHUSETTS INSTITUTE OF <br> TECHNOLOGY, <br>            Defendants. | ) <br> ) <br> ) <br> )    Civil Action No. 1:25-cv-10949-WGY <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
AND CROSS-MOTION TO STRIKE**

Plaintiff Jane Smith hereby opposes Defendants' Motion to Dismiss the Complaint (Dkt. 9) and respectfully cross-moves to strike the Motion to Dismiss and its supporting Memorandum of Law (Dkt. 10) in their entirety, or in the alternative portions thereof, pursuant to Fed. R. Civ. P. 12(f), 12(g), 12(h), and 7(b), and Local Rules 7.1(b)(1) and 7.1(b)(2).

The grounds for this opposition and cross-motion are respectfully stated below and more fully set forth in the accompanying Memorandum of Law[1]:

1.  Defendants' motion is procedurally defective. It fails to invoke any enumerated Rule 12(b) defense, improperly combines a non-Rule 12 reassignment motion with dismissal arguments under multiple authorities in violation of Rule 12(g)(2), and fails to state with particularity the grounds for relief under the applicable legal standard(s) as required by Rule 7(b)(1)(B). These defects prejudice Plaintiff by leaving unclear what she must defend against, whether matters outside the pleadings may be considered, and what standards govern. By failing to properly invoke specific defenses or state particular legal standards, Defendants have waived these arguments both in this Court and on appeal, and cannot cure these deficiencies in reply.

---
[1] Because the plaintiff seeks limited redactions in the memorandum of law and one exhibit, it is her understanding that it must be preceded by a Motion to Seal under Local Rule 7.2. Therefore, stating the grounds for relief in detail here while separately accompanying with a Memorandum of Law and Motion to Seal is the Plaintiff's best attempt to comply with Local Rules 7.1(b) and 7.2 while also meeting the applicable deadline for opposition.

2. Defendants falsely assert throughout their memorandum that Plaintiff is proceeding under a pseudonym. The Complaint (Dkt. 1) names Plaintiff as "Jane Smith" without any pseudonym designation and contains a footnote further clarifying that Jane Smith is not a pseudonym. Defendants cite no part of the record to support their assertion that Jane Smith is a pseudonym. Defendants rely on Exhibit B, which purports to be a "redline comparison" showing that this Complaint contains pseudonym designations in the caption. This is demonstrably false: no such pseudonym designations exist in the Complaint actually filed with this Court. The exhibit appears to show fabricated or altered content. Exhibit B grafts the pseudonym caption of the previous case's complaint (which states Jane Doe and "a pseudonym") to the body of this Complaint. Submission of false evidence warrants striking under Rule 12(f).

3. Defendants' Rule 10(a) argument is entirely premised on the false pseudonym assertion. Moreover, Defendants cite no authority for dismissal on grounds of a Rule 10(a) violation, for example Rule 41(b), and make no attempt to state or meet any applicable standard.

4. Defendants' argument for dismissal for violation of a local rule or order enforcing a local rule is based on the same false assertions and fabricated evidence. Moreover, the Court's April 15, 2025 order (Dkt. 3) was addressed only to "Counsel," not to pro se Plaintiff, cited no specific local rule, and stated no deadline. Even if a local rule violation existed or the order should have been understood as directed at Plaintiff notwithstanding language to the contrary, Fed. R. Civ. P. 83(2) states that a local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply. Defendants attempt to establish willfulness based solely on the false pseudonym evidence they filed, with no other record support. They also cite no authority for dismissal, for example under Rule 41(b), and make no attempt to state or meet any applicable dismissal standard.

5. Defendants' statute of limitations argument deliberately omits the controlling Massachusetts savings statute, Mass. Gen. Laws ch. 260, § 32. Plaintiff timely filed her original action on May 5, 2023, which was dismissed without prejudice on April 25, 2024 (Case No. 1:23-cv-11935, Dkt. 36; see also March 13 hearing transcript). This action was filed April 14, 2025, within the one-year period provided by the savings statute, rendering all claims timely. This includes federal statutes that "borrow" their limitations periods from state law.

6. While the Court need not go further given the Savings Statute, Defendants argue that all sixteen (16) counts arising under various laws are untimely while providing no legal standard for claim accrual for any of them, citing zero facts from the Complaint supporting their accrual dates, while the two citations they do provide (to two total paragraphs of the 202-paragraph Complaint) contradict their assertions. This failure to articulate basic elements of a limitations defense constitutes waiver. While there is no need to reach any cure to alleged untimeliness, amending the Complaint to add recent events is another means to do so. Defendants further ignore applicable equitable tolling doctrines including but not limited to the continuing violation doctrine and discovery rule.

7. Defendants have failed to meet their burden under any Rule 12(b) defense. They have not demonstrated that Plaintiff failed to state a claim, that jurisdiction is lacking, or that any other enumerated defense applies. Arguments that fail to invoke a specific Rule 12(b) defense are waived.

8. The memorandum contains scandalous and impertinent matter, including inflammatory accusations that Plaintiff engaged in a "scheme" to avoid a particular judge, based entirely on false assertions and apparently fabricated evidence. This irrelevant and prejudicial material should be stricken under Rule 12(f).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(a) Deny Defendants' Motion to Dismiss;

(b) Grant Plaintiff's Cross-Motion to Strike pursuant to Fed. R. Civ. P. 12(f) for containing false statements, apparently fabricated evidence, scandalous matter, and procedural deficiencies preventing effective response;

(c) In the alternative, order Defendants to: identify which Rule 12(b) defense they invoke, if any; state the applicable legal standard including whether they rely on matters outside the pleadings; remove non-Rule 12 motions from their memorandum; remove fabricated evidence and unsupported factual assertions; and grant Plaintiff appropriate time to respond after such clarification;

(d) In the alternative, strike those portions of Defendants' filings containing false statements, fabricated evidence, and scandalous matter;

(e) Grant such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Jane Smith*
Jane Smith, Plaintiff Pro Se
ASPIRE c/o Jane Smith
6 Liberty Sq Suite 94450
Boston, MA 02109
jane@joinaspire.org, (617) 798-0945

Dated: September 16, 2025

4

CERTIFICATE OF SERVICE

I, Jane Smith, hereby certify that on September 16, 2025, I caused true and correct copies of the foregoing to be served as follows:

Via first-class mail, postage prepaid, upon:

Daryl J. Lapp, Esq.
Troutman Pepper Locke
111 Huntington Avenue
Boston, MA 02199

/s/ *Jane Smith*
Jane Smith, Plaintiff Pro Se