UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JANE SMITH, individually and derivatively
on behalf of AI Company (a pseudonym),

Plaintiff,

v.

JOHN ROE (a pseudonym), and
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

Defendants

Civil Action No.: 1:25-cv-10949

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO STRIKE**

Plaintiff's Opposition to Defendants' Motion to Dismiss includes a Cross-Motion to Strike, in which Plaintiff asserts that Defendants' memorandum supporting their Motion to Dismiss "contains scandalous and impertinent matter, including inflammatory accusations that Plaintiff engaged in a 'scheme' to avoid a particular judge, based entirely on false assertions and apparently fabricated evidence." The motion to strike should be denied.

Defendants' assertion that Plaintiff has engaged in a scheme to avoid a particular judge, while serious, is not "scandalous" or "impertinent." To the contrary, the assertion is well-founded. When this Court heard argument on Defendants' motion to dismiss Plaintiff's complaint in the earlier-filed case, the Court warned Plaintiff that if she re-asserted her claims in a new lawsuit, the "related case" rule would require the new case to be brought before the same judge. The Complaint in this new case is virtually identical to the complaint in the earlier lawsuit, as Judge Kobick determined when she entered her order reassigning the case to this Court. Yet Plaintiff failed to designate her Complaint in this case as being "related" to her earlier filing, defying the Court's instruction. Defendants stand by their argument.

1

Nor is there any merit to Plaintiff's assertion that Defendants "falsely" argued Plaintiff is appearing in this case under the new pseudonym Jane Smith and "fabricated evidence" to support that argument.  It is undisputed that (1) Plaintiff filed her earlier case under the pseudonym Jane Doe; (2) Jane Smith is *not* the name by which she was known at MIT; (3) Plaintiff has provided no documentation to demonstrate that she has changed her legal name to Jane Smith; (4) Jane Smith is another common pseudonym; and (5) Plaintiff referred to herself in the caption of her Complaint in this case as "Jane Smith, individually and derivatively on behalf of AI Company (a pseudonym)."  Defendants reasonably inferred that "a pseudonym" refers to Jane Smith, not AI Company.[1]

Plaintiff claims that a footnote on the first page of her Complaint clarified that Jane Smith is not a pseudonym.  Dkt. 25 at 1.  The footnote does no such thing.  Dkt. 1 at 1.  It says:

> Plaintiff is filing with this Complaint a motion pursuant to Fed. R. Civ. P. to join in this Civil Action a second plaintiff who is the same individual as plaintiff John Doe (a pseudonym) in *Doe v. Massachusetts Institute of Technology*, No. 1:23-cv-11490 (D. Mass.) and as plaintiff-appellant John Doe in First Circuit Case No. 24-1888; and (b) a Motion to Proceed Under Pseudonym with respect to John Roe, the AI Company, and, if joinder is allowed, John Doe.

Plaintiff's opposition claims that she would be filing a motion to seal and memorandum of law with a supporting exhibit – suggesting there might be evidence that she has changed her name.  Dkt. 25 at 1 n.1.  Plaintiff then filed a "notice of filing" two days later, stating that a memorandum had been filed.  Dkt. 26.  Plaintiff, however, made no such filing.

---

[1] Exhibit B to Defendants' opening memorandum in support of their motion to dismiss is a "redline" comparison of Plaintiff's complaints in the earlier litigation and in this one.  There is an inadvertent mistake in the caption of that comparison.  It should indicate as follows in relation to how Plaintiff identified herself in this case as compared with the earlier case: "Jane Doe Smith (a pseudonym), individually and derivatively on behalf of AI Company (a pseudonym)."  Defendants' counsel also has corrected the caption it used in its Motion to Dismiss and opening memorandum, which mistakenly omitted the phrase "individually and derivatively on behalf of AI Company."

**Conclusion**

Plaintiff's Cross-Motion to Strike should be denied.

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and JOHN ROE,

*/s/ Daryl J. Lapp*
Daryl J. Lapp, BBO #554980
Nathalie Vega Crespo, BBO #712480
TROUTMAN PEPPER LOCKE LLP
111 Huntington Avenue, 9th Floor
Boston, Massachusetts 02199
617-239-0100
daryl.lapp@troutman.com
nathalie.vega@troutman.com

JOHN ROE,

*/s/ Barbara A. Robb*
Barbara A. Robb, BBO#639976
Patrick J. Hannon, BBO #664958
HARTLEY MICHONE ROBB HANNON LLP
101 Federal Street, Suite 1810
Boston, Massachusetts 02210
617-723-8000
brobb@hmrhlaw.com
phannon@hmrhlaw.com

October 1, 2025

**CERTIFICATE OF SERVICE**

On October 1, 2025, I caused a copy of the foregoing document to be served upon the plaintiff by first-class mail.

*/s/ Daryl J. Lapp*
Daryl J. Lapp

3