<u>**LEAVE TO FILE GRANTED ON 10.1.25**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE SMITH, individually and derivatively on behalf of AI Company (a pseudonym),<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN ROE (a pseudonym), and MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>    Defendants | Civil Action No.: 1:25-cv-10949 |

**DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF THEIR MOTION TO DISMISS**

In her Opposition to Defendants' Motion to Dismiss the Complaint, Plaintiff makes two arguments: (1) she is not proceeding under a pseudonym and (2) her claims are tolled by the Massachusetts savings statute, Mass. G.L. c. 260, § 32, and other equitable tolling doctrines. Neither argument defeats the Motion to Dismiss.

**A.    Plaintiff Has Not Demonstrated that Jane Smith is Her Real Name.**

As Defendants demonstrated in the opening memorandum in support of their Motion to Dismiss, Plaintiff relentlessly has litigated the question whether she should be permitted to proceed under a pseudonym from the time she filed her earlier lawsuit through the present, Dkt. 10 at 1-3, and her second appeal from the dismissal of her earlier case on that basis remains pending in the First Circuit. *Id*. at 3-4.

Plaintiff now claims that "Jane Smith" is not a pseudonym. But it is undisputed that (1) Plaintiff filed her earlier case under a pseudonym, which she continues to maintain she has the right to do; (2) Jane Smith is not the name by which Plaintiff was known at MIT; (3) Plaintiff has

1

provided no documentation to demonstrate she has changed her legal name to Jane Smith; (4) Jane Smith is another common pseudonym; and (5) Plaintiff referred to herself in the caption of her Complaint in this case as "Jane Smith, individually and derivatively on behalf of AI Company (a pseudonym)."[1]

Plaintiff's opposition claims that she would be filing a motion to seal and memorandum of law with a supporting exhibit – suggesting there might be evidence that she has changed her name. Dkt. 25 at 1 n.1. Plaintiff filed a "notice of filing," two days later, stating that a memorandum had been filed. Dkt. 26. This is untrue. Plaintiff confirmed during a Local Rule 7.1 conference with Defendants' counsel on September 29, 2025, that no such filing was made.

Also in that Rule 7.1 conference, Plaintiff confirmed to Defendants' counsel that she has taken no steps in any court to effect a legal change of her name to "Jane Smith." Plaintiff asserts that she has changed her name to "Jane Smith" simply by using it, as she claims the right to do under the common law of the State of Washington, where Plaintiff says she now resides.

The Supreme Court of Washington has said that "[u]nder well established principles of common law, a person is free to adopt and use, absent a statute to the contrary, any name that he or she sees fit *so long as it is not done for any fraudulent purposes and does not infringe upon the rights of others*." *Doe v. Dunning*, 87 Wash. 2d 50, 53 (1976) (citing 57 Am. Jur. 2d Name §§ 1, 10 (1971); Attorney General Opinion, Jan. 30, 1928). Massachusetts law is to the same effect. *See Richards v. Mason*, 54 Mass. App. Ct. 568, 570 (2002) ("at common law a person

---

[1] Exhibit B to Defendants' opening memorandum is a "redline" comparison of Plaintiff's complaints in the earlier litigation and in this one. Dkt. 10-2. There is an inadvertent mistake in the caption of that comparison. It should indicate as follows: "Jane ~~Doe~~ Smith ~~(a pseudonym)~~, individually and derivatively on behalf of AI Company (a pseudonym)." Defendants' counsel also has corrected the caption it used in its Motion to Dismiss and opening memorandum, which mistakenly omitted the phrase "individually and derivatively on behalf of AI Company."

2

may change his name at will, without resort to legal proceedings, by merely adopting another name, ***provided that this is done for an honest purpose***.") (emphasis added); *see also Comm. v. Clark*, 446 Mass. 620, 626 (2006) ("A court looks to the particular transaction and asks whether the name is used '***in good faith*** by the party adopting it as a *descriptio personae*.'") (emphasis added) (quoting *William Gilligan Co. v. Casey,* 205 Mass. 26, 31 (1910)).

Here, however, it appears that Plaintiff has adopted the name "Jane Smith" not in good faith, but selectively as part of her effort to avoid having this case assigned to this Court.  For example, a simple online search confirms that Plaintiff still uses her given name on the professional social media platform LinkedIn.[2]  Moreover, Plaintiff's purported adoption of this new name does "infringe upon the rights of others," including the rights of both the Defendants and the public to have a plaintiff proceed under her true name, not a pseudonym, except in limited circumstances not present in this case.

        **B.**        **Plaintiff's Conduct Runs Afoul of the Massachusetts Savings Statute.**

The purpose of the Massachusetts savings statute is "to relieve a person who, ***in the exercise of due diligence***, within the time limited by the general statute of limitations, has attempted to enforce a claim by suit, and has failed in such attempt by reason of some matter of form, which can be remedied in a new proceeding, and which does not affect the merits of his case." *Abrahamson v. Estate of LeBold*, 89 Mass. App. Ct. 223, 226 (2016) (emphasis added) (citing *Cannonball Fund, Ltd. v. Dutchess Capital Mgmt., LLC,* 84 Mass. App. Ct. 75, 84-85 (2013), quoting from *Cumming v. Jacobs*, 130 Mass. 419, 421 (1881)).  The Massachusetts legislature "enacted the savings statute to ensure that '***where [a] plaintiff has been defeated by***

---

[2] Defendants are prepared to file a print-out of Plaintiff's LinkedIn bio under seal, or otherwise, in the unlikely event Plaintiff disputes this incontrovertible fact.

***some matter not affecting the merits***, some defect or informality, which he can remedy or avoid by a new process,' the statute of limitations 'shall not prevent him from doing so.'" *Rodi v. S. New Engl. Sch. of L.*, 389 F.3d 5, 18 (1st Cir. 2004) (emphasis added) (quoting *Coffin v. Cottle*, 33 Mass. (16 Pick.) 383, 386 (1835)).

Plaintiff was neither "diligent" in pursuing her claims nor "defeated" by some matter of form. Instead, she strategically prolonged the limitations period by relentlessly litigating the issue of pseudonymity in this Court and the First Circuit – all while she was well aware that the statute of limitations was looming. At the hearing on Defendants' motion to dismiss Plaintiff's earlier case, this Court specifically warned Plaintiff that if she chose not to amend her Complaint in that case using her real name, the case was dismissed, and Plaintiff re-filed her claims in a new case, the statute of limitations would be running all the while. Plaintiff nevertheless chose to take that route – consistent with her approach throughout this litigation, which has been to delay and prevaricate at every turn. In circumstances such as these, the savings statute does not apply. As the Massachusetts Appeals Court stated in *Cannonball Fund, Ltd.*, *supra*, "[t]here must be 'no indication in the record that the plaintiff attempted for dilatory purposes to prolong the limitations period by reliance on the statute.'" 84 Mass. App. Ct. at 88 (quoting *Boutiette v. Dickinson*, 54 Mass. App. Ct. 817, 819 (2002)).

Plaintiff here has done just that. As the Defendants noted in their opening memorandum, Plaintiff's claims arise from events which all had occurred by mid-2021. Dkt. 10 at 8. Plaintiff filed her first lawsuit, using the pseudonym "Jane Doe," on May 5, 2023 – well into the limitations period applicable to her claims and fully two and a half years ago. Faced with the dismissal of her claims if she failed to amend her Complaint to proceed under her real name, Plaintiff chose instead to allow her Complaint to be dismissed; appeal that dismissal to the First

Circuit; file a baseless motion for relief from judgment in this Court; and then appeal from the denial of that motion – all while giving the back of her hand to this Court's warning that the limitations period would apply to any newly filed suit. *Id*. at 2-3. The only logical explanation is that Plaintiff planned to invoke the savings statute when she re-filed her claims in this new case – further prolonging the litigation that MIT and Roe have endured significant time and expense in defending.

Instead of being "defeated" by a matter of form despite her "diligence," Plaintiff instead has engaged in gamesmanship. The Massachusetts legislature did not intend the savings statute to save claims in circumstances like this.

    **C.**    **Equitable Tolling Doctrines Also Have No Application Here.**

There is no merit to Plaintiff's conclusory assertion that her claims are saved by "equitable tolling doctrines including the continuing violation doctrine and discovery rule." Dkt. 25 at 3. As noted above, Plaintiff's claims all arise from events that occurred by mid-2021, and Plaintiff alleges no conduct of a "continuing" nature that could save her claims. *See Crocker v. Townsend Oil Co.*, 464 Mass. 1, 10-11 (2012) ("the continuing violation doctrine permits plaintiffs to recover for damages occurring outside the limitations period as long as 'there is a discrete violation within the [statute of] limitations period to anchor the earlier claims.'") (quotation omitted). Nor is there any basis for Plaintiff to argue she could not reasonably have discovered the existence of her purported claims within the applicable limitations period. *See Davalos v. Bay Watch, Inc.*, 494 Mass. 548, 552 (2024) ("Under this discovery rule, 'a cause of action accrues when the plaintiff discovers or with reasonable diligence should have discovered that (1) [she] has suffered harm; (2) [her] harm was caused by the conduct of another; and (3) the

5

defendant is the person who caused that harm.'") (quotation omitted).  To the contrary, Plaintiff filed her earlier suit within the applicable limitations period.

## Conclusion

The Court should enter an order allowing Defendants' Motion and dismissing Plaintiff's Complaint with prejudice.

MASSACHUSETTS INSTITUTE OF TECHNOLOGY and JOHN ROE,

/s/ Daryl J. Lapp
Daryl J. Lapp, BBO #554980
Nathalie Vega Crespo, BBO #712480
TROUTMAN PEPPER LOCKE LLP
111 Huntington Avenue, 9th Floor
Boston, Massachusetts 02199
617-230-0100
daryl.lapp@troutman.com
nathalie.vega@troutman.com

JOHN ROE,

/s/ Barbara A. Robb
Barbara A. Robb, BBO#639976
Patrick J. Hannon, BBO #664958
HARTLEY MICHONE ROBB HANNON LLP
101 Federal Street, Suite 1810
Boston, Massachusetts 02210
617-723-8000
brobb@hmrhlaw.com
phannon@hmrhlaw.com

October 1, 2025

## Certificate of Service

On October 1, 2025, I caused a copy of the foregoing document to be served upon the plaintiff by first-class mail.

/s/ Daryl J. Lapp
Daryl J. Lapp

6

250057807v4