UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

JANE SMITH, individually          )
and derivatively on behalf        )
of AI Company (a pseudonym)       )
                                  )
                                  )
              Plaintiff,          )
                                  )
          v.                      )   CIVIL ACTION
                                  )   NO. 25-10949
JOHN ROE (a pseudonym)            )
MASSACHUSETTS INSTITUTE OF        )
TECHNOLOGY                        )
                                  )
              Defendants.         )
                                  )

---

YOUNG, D.J.                                      March 5, 2026

**ORDER**

In August of 2023, "Jane Doe" filed a claim against John Roe (a pseudonym) and the Massachusetts Institute of Technology ("MIT"). That claim was assigned to this Court. See Doe v. Roe, No. 23-cv-11935-WGY (D. Mass.). This Court instructed the plaintiff to file an amended complaint with her true name. ECF No. 34. Doe failed to do so, and the claim was dismissed. ECF No. 36. Doe appealed that dismissal to the First Circuit, which rejected the appeal. ECF No. 45. Doe then moved for Relief from Judgement under Fed. R. Civ. P. 60(b). ECF No. 49. This Court denied that motion, and Doe appealed to the First Circuit. ECF No. 51. That appeal is currently pending.

[1]

In April of 2025, four days after this Court denied Doe's Motion for Relief from Judgement, Doe filed another Complaint in this District Court under the name "Jane Smith." Smith v. Roe, 1:25-cv-10949 (D. Mass). The case was randomly assigned to Judge Kobick. ECF No. 6. Defendants filed a motion to dismiss, ECF No. 9, and a motion for reassignment, ECF No. 10. Judge Kobick granted the motion to reassign the case back to this session. ECF No. 14.

Plaintiff filed an opposition to the motion to dismiss, claiming that "[d]efendants falsely assert . . . that Plaintiff is proceeding under a pseudonym" despite the complaint presenting the name "Jane Smith" without a pseudonym designation. Opp. Mot. Dismiss, ECF No. 25 ¶ 2. Defendants argue in response that Plaintiff has not actually changed her legal name to "Jane Smith." Defs. Reply Mem. Supp. Mot. Dismiss, ECF No. 32. Plaintiff filed a Notice of Filing Schedule regarding a motion to seal on September 19, 2025. As of the publication of this Order, she has not filed any such motion.

Federal Rule of Civil Procedure 10(a) requires that "the title of the complaint must name all the parties," and Rule 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest." Further, the First Circuit has established a "strong presumption against the use of

[2]

pseudonyms in civil litigation." Doe v. Massachusetts Inst. of Tech., 46 F.4th 61 (1st Cir. 2022) (quoting Does 1-3 v. Mills, 39 F.4th 20 (1st Cir. 2022)).

Taking all reasonable inferences in favor of the Plaintiff, it remains unclear whether she is in fact attempting to proceed under a pseudonym, or whether her purported name change has been effectuated as required by law. See MASS. GEN. LAWS ch. 210, §§ 12-14. Therefore, the Court orders Plaintiff to SHOW CAUSE as to why the Defendant's motion ought not be granted for Plaintiff's failure to comply with Federal Rules of Civil Procedure 10 & 17. Plaintiff shall, by March 19, 2026, file an affidavit and any supporting documentation proving her compliance with the aforementioned Federal Rules. Plaintiff's failure to comply with this deadline may result, among other actions, in granting the Defendants' Motion to Dismiss.

**SO ORDERED.**

*William A. Young*
WILLIAM G. YOUNG
DISTRICT JUDGE