UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED

2026 MAR 24  AM 10: 52

U.S.
DISTRICT OF MASS.

JANE SMITH,                              )
             Plaintiff,              )
                          )
v.                                       )
                          )   Civil Action No. 1:25-cv-10949
JOHN ROE (a pseudonym),                  )
MASSACHUSETTS INSTITUTE OF               )
TECHNOLOGY,                              )
             Defendants.             )
_____ )

## PLAINTIFF'S MOTION FOR TEMPORARY MAINTENANCE OF DOCUMENTS UNDER SEAL AND FOR INTERIM PROTECTIVE RELIEF

Jane Smith, appearing pro se, respectfully moves the Court for an order maintaining the

Show Cause documents she submitted in response to the Court's March 20, 2023 order under

seal and ex parte on a temporary basis, and allow the schedule for public filing and service

described below, or such other relief as the Court deems just and proper.

## BACKGROUND

To comply with the Court's show cause and deadline orders, Plaintiff submitted a

declaration and exhibits to the Clerk on March 20, 2026.[1] The documents were marked ex parte

for the reasons described below. No motion or memorandum accompanied the submission. The

case is currently closed through April 19, 2026, to allow pro se Plaintiff time to obtain counsel.

Discovery has not begun, and no protective order is in place.

## THE SUBMITTED DOCUMENTS

The submitted documents fall into three categories:

---

[1] Plaintiff attempted to file on Friday, March 20, 2026, before the Court's 5:00 PM deadline as ordered. Upon arriving at 4:30 PM, Plaintiff found the Clerk's office closed and left the documents through the Clerk's window. Plaintiff returned in person on Monday, March 23, 2026, to confirm receipt. The Clerk confirmed acceptance and advised Plaintiff that the documents would be stamped with Monday's date.

**Category 1: No Confidentiality Concerns.** These documents contain no sensitive personal or confidential information and may be filed and served without restriction or delay.

**Category 2: Ordinarily Protected Personal and Business Information.** These documents contain information typically subject to a protective order, including personal email addresses, phone numbers, and home addresses of Plaintiff and nonparties; documents marked confidential by nonparties; and nonpublic business information of nonparty businesses.

**Category 3: Documents Related to an Active Criminal Investigation.** These documents concern an ongoing criminal investigation and contain information about victims, witnesses, law enforcement personnel, and law enforcement activities. Some information may be protected under the Crime Victims' Rights Act, 18 U.S.C. § 3771. Whether these documents may be served on defendants or their counsel, or must remain ex parte, needs to be investigated further, including by consulting with the law enforcement personnel involved.

**NEED FOR INTERIM RELIEF**

Plaintiff filed the full set of documents ex parte in order to meet the Court's deadline, and to avoid potential irreparable harm from improper disclosure pending this motion. Two specific concerns justify temporary ex parte treatment and temporary maintenance under seal:

*First*, serving Category 2 documents without a protective order would expose the personal information of Plaintiff and nonparties without any safeguard.

*Second*, serving Category 3 documents before determining whether service is appropriate could compromise an active criminal investigation, expose the identities of victims and witnesses, and cause harm that cannot be remedied after the fact.

**PROPOSED SCHEDULE**

Having initially filed the March 20 documents ex parte, Plaintiff proposes the following schedule for service and public filing. It is designed so that no action from the Court or Defendants is required during the case closure period ending April 19, 2026. Plaintiff will file and serve documents as promptly as practicable, consistent with the protections each category requires, as follows:

a. **Immediate Interim Relief.** The Court should maintain all submitted documents under seal and ex parte pending completion of this schedule or further order of the Court.

b. **Category 1 (by March 30, 2026).** Plaintiff will identify and publicly file Category 1 documents and serve them on Defendants Massachusetts Institute of Technology and John Roe without restriction.

c. **Category 2 (by April 6, 2026).** Plaintiff will file redacted versions of Category 2 documents for public docketing, with personal identifiers and other ordinarily protected information removed, and will serve the redacted versions on Defendants. Plaintiff will also offer to provide defense counsel with unredacted versions on an attorneys'-eyes-only basis, if counsel agrees to that designation. If counsel does not agree, the unredacted documents should remain under seal and ex parte until the case reopens on approximately April 19, 2026, at which point Plaintiff, or her attorney if one has appeared by that date, will seek a formal protective order. Plaintiff will confer with defense counsel promptly regarding the AEO designation and will note the outcome of that conference in the certificate of service.

4. **Category 3 (by April 13, 2026).** Plaintiff will file redacted versions of Category 3 documents for public docketing and will serve the redacted versions on Defendants, with

information concerning victims, witnesses, law enforcement personnel, and law enforcement activities removed, as consistent with input from relevant law enforcement personnel. Unredacted Category 3 documents should remain under seal and ex parte until the case reopens. At that time, Plaintiff, or her attorney if one has appeared by that date, will report to the Court with a specific proposal for their further treatment.

**CONCLUSION**

The proposed schedule allows the March 20 documents to be made available for public docketing and service as soon as practicable, without requiring any action from the Court or Defendants during the 30-day closure period. Because Plaintiff is currently proceeding pro se, the schedule is also designed to allow time for retained counsel, if any, to become familiar with the matter before the case reopens on approximately April 19, 2026.

WHEREFORE, Jane Smith respectfully requests that the Court maintain the submitted documents temporarily ex parte and under seal, approve the proposed schedule for public filing and service, or grant such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Jane Smith
Jane Smith, Plaintiff Pro Se
ASPIRE c/o Jane Smith
6 Liberty Sq Suite 94450
Boston, MA 02109
jane@joinaspire.org, (617) 798-0945

Dated: March 23, 2026

## CERTIFICATE OF SERVICE

I, Jane Smith, hereby certify that on March 23, 2026, I caused true and correct copies of the foregoing to be served as follows:

Via first-class mail, postage prepaid, upon:

Daryl J. Lapp, Esq.
Troutman Pepper Locke
111 Huntington Avenue
Boston, MA 02199

/s/ Jane Smith