UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JANE SMITH, individually and derivatively
on behalf of AI Company (a pseudonym),

Plaintiff

v.

JOHN ROE (a pseudonym), and
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

Defendants

Civil Action No.: 1:25-cv-10949-JEK

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY
MAINTENANCE OF DOCUMENTS UNDER SEAL, ETC. AND
CROSS-MOTION TO COMPEL SERVICE OF PLAINTIFF'S DOCUMENTS**

### Introduction

Defendants Massachusetts Institute of Technology ("MIT") and John Roe (a pseudonym)

oppose Plaintiff's Motion for Temporary Maintenance of Documents Under Seal and for Interim

Protective Relief, filed on March 24, 2026. Dkt. 46. The documents at issue are Plaintiff's

response to the Court's order to show cause why Plaintiff's Complaint should not be dismissed

for failure to comply with Federal Rules of Civil Procedure 10 and 17. Plaintiff filed the

documents under seal and *ex parte*, which she had no basis to do, and refuses to serve copies on

counsel for MIT and Roe. The hearing on Defendants' motion to dismiss is set for May 7, 2026.

Defendants must be able to review what Plaintiff has filed. Accordingly, in addition to opposing

Plaintiff's requests for relief, Defendants cross-move for entry of an order compelling Plaintiff to

serve the documents on Defendants' counsel, by email, by 12 pm on May 4, 2026.

### Relevant Procedural History

Defendants filed their motion to dismiss the Complaint on August 1, 2025. Dkt. 9. On

March 2, 2026, the Court scheduled a hearing on the motion for March 20, 2026. Dkt. 38. On

1

March 5, 2026, the Court ordered Plaintiff to file, by March 19, 2026, an affidavit and any supporting documentation that would demonstrate her compliance with Federal Rules of Civil Procedure 10 and 17.  Dkt. 39.  Plaintiff made no such filing.

At the hearing on March 20, 2026, the Court afforded Plaintiff a second chance – allowing her to file her response to the show cause order in the Clerk's office by 5 p.m. that day.  Dkt. 41.  The Court also administratively closed the case for 30 days, based upon Plaintiff's representation that she intended to retain counsel.  Dkt. 41 and 42.

Plaintiff says she delivered her show cause papers before the 5 pm deadline on March 20, but the Clerk's office was closed, and that the documents were accepted for filing on Monday, March 23, 2026.  Dkt. 46 at 1 n.1.  Plaintiff filed the documents under seal and *ex parte*.  *Id*. at 1.

The following day, March 24, 2026, Plaintiff filed the Motion now at issue, in which she described the documents she filed as falling into three categories and proposed a schedule for serving them and filing them on the public docket.  *Id*. at 2-4.  Her motion was "designed so that no action from the Court or Defendants is required during the case closure period …."  *Id*. at 3.

- The "Category 1" documents contain no sensitive or confidential information.  Dkt. 46 at 2.  Plaintiff said she was prepared to file these documents on the public docket by March 30, 2026, *id*., which she did.  Dkt 52.

- Plaintiff claims the "Category 2" documents contain information which typically is the subject of a protective order.  Dkt. 46 at 2.  She proposed to file redacted versions for public docketing by April 6, 2023, *id*. at 3, which she did not do, and to serve those redacted versions on Defendants' counsel, *id*., which she also has not done.  Plaintiff said she would confer "promptly" with Defendants' counsel about providing unredacted versions on an attorneys' eyes-only basis, *id*., which

she did not do.  Plaintiff said that if no agreement was reached on this proposal, she would seek a formal protective order, *id*., which she also has not done.

- Plaintiff claims the "Category 3" documents "concern an ongoing criminal investigation and contain information about victims, witnesses, law enforcement personnel, and law enforcement activities," some of which "***may*** be protected under the Crime Victims Act, 18 U.S.C. § 3771."  *Id*. at 2 (emphasis added). Plaintiff proposed to file redacted versions of these documents on the public docket and serve them by April 13, 2026, *id*. at 3-4, which she has not done, and "report to the Court with a specific proposal for [the] further treatment of these documents" once the case reopens, *id*. at 4, which she also has not done.

On April 22, 2026, the Court reopened the case, Dkt. 56, and scheduled a further hearing on Defendants' motion to dismiss for May 7, 2026.  Dkt. 54.

Also on April 22, 2026, upon receiving notices of the Court's actions just above, counsel for MIT and Roe wrote to Plaintiff by email, asking her to serve copies of the show cause documents she filed *ex parte* and noting that counsel needed to receive them reasonably in advance of the hearing on May 7, 2026.  Counsel stated they would not agree to an "attorneys' eyes only" designation, for which there is no basis, but assured Plaintiff they would not use the papers for any purpose other than the litigation and would not disclose them to anyone other than their clients.  Plaintiff did not agree to provide the documents.

## Argument

The Court's order of May 20 was clear:  Plaintiff had until 5 pm that day to file any papers in response to the Court's show cause order.  Plaintiff said she would do so.  She did not request – much less receive – permission to file her papers redacted, under seal, or *ex parte*.  She

has filed no motion for impoundment, nor has she offered any basis for filing her show cause papers – redacted or not – *ex parte*.  Plaintiff claims she filed her papers *ex parte* to "avoid potential irreparable harm from improper disclosure" of information, Dkt. 46 at 2, but such conclusory assertions of course do not suffice.  *See United States v. DiMasi*, 692 F. Supp. 2d 166, 169 (D. Mass. 2010) (a party "may not affirmatively introduce *ex parte* evidence to obtain a ruling on the merits of a defendants' motion to dismiss unless [she] demonstrates that there are 'compelling' grounds to do so") (citing *United States v. Claudio*, 44 F.3d 10, 14 (1st Cir.1995)).

A further hearing on Defendants' motion to dismiss is set for May 7, 2026.  MIT and Roe presently have no access to the "Category 2" and "Category 3" documents upon which Plaintiff apparently relies in opposing the motion to dismiss.  MIT and Roe will be substantially prejudiced if they are unable to review and prepare to address these documents.

### Conclusion

The Court should enter an order denying Plaintiff's Motion and compelling Plaintiff to serve on Defendants' counsel, by email, by no later than 12 pm on May 4, 2026, all documents she has filed ex parte in response to the Court's show cause order.

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and JOHN ROE,

*/s/ Daryl J. Lapp*
Daryl J. Lapp, BBO #554980
Nathalie Vega Orlandini, BBO #712480
TROUTMAN PEPPER LOCKE LLP
111 Huntington Avenue, 9th Floor
Boston, Massachusetts 02199
617-230-0100
daryl.lapp@troutman.com
nathalie.orlandini@troutman.com

JOHN ROE,

*/s/ Barbara A. Robb*
Barbara A. Robb, BBO#639976
Patrick J. Hannon, BBO #664958
HARTLEY MICHONE ROBB HANNON LLP
101 Federal Street, Suite 1810
Boston, Massachusetts 02210
617-723-8000
brobb@hmrhlaw.com
April 27, 2026                                    phannon@hmrhlaw.com

### Local Rule 7.1 Certification

As set forth above, the undersigned counsel for MIT and Roe conferred with Plaintiff in a good-faith attempt to resolve the issue presented by Defendants' Cross-Motion to Compel.

*/s/ Daryl J. Lapp*
Daryl J. Lapp

### Certificate of Service

On April 27, 2026, I caused a copy of the foregoing document to be served upon the plaintiff by e-mail.

*/s/ Daryl J. Lapp*
Daryl J. Lapp

251335385v4