UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE SMITH, individually and derivatively on behalf of AI Company (a pseudonym),<br><br>Plaintiff,<br><br>v.<br><br>JOHN ROE (a pseudonym), MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>Defendants. | CIVIL ACTION<br>NO. 25-10949-WGY |

YOUNG, D.J.                                          May 12, 2026

**MEMORANDUM AND ORDER**

## I.    INTRODUCTION

Jane Smith ("Smith") brings sixteen claims against the Massachusetts Institute of Technology ("MIT") and John Doe (a pseudonym) ("Doe") for Massachusetts State[1], federal[2], and unidentified[3] law violations.  MIT and Doe move to dismiss all counts on the grounds that Smith willfully violated federal rules and a directive of the court by failing to identify Smith

---

[1] The Massachusetts Wage Act (Counts I, II, III), Chapter 151(b) handicap discrimination (Count IV), sex discrimination (Counts V, VI, VII, VIII), and Chapter 93(a) (Count XVI).
[2] Title IX (Count IX, X, XI, XII) and the Americans with Disabilities Act (Count XIII, XIV).
[3] "Derivative Claim for Breach of Fiduciary Duty," citing no statute or common law cases (Count XV).

[1]

by her true name, and that her claims are all barred by various statutes of limitations.  Mot. Dismiss, ECF No. 9; Mem. Supp. Defs.' Mots. Reassign Case & Dismiss Compl., ECF No. 10.  Having addressed the name issue and dismissed Counts 15 and 16 at the hearing on May 7, 2026, see Elec. Clerk's Notes, ECF No. 68, the Court took the matter of the statute of limitations under advisement.  See id.  The Court now **DENIES** the remainder of the Motion to Dismiss, ECF No. 9.

## A. Procedural History

In August of 2023, "Jane Doe" filed a claim against John Roe (a pseudonym) and the Massachusetts Institute of Technology ("MIT").  That claim was assigned to this Court.  See Doe v. Roe, No. 23-cv-11935-WGY (D. Mass.).  This Court instructed the plaintiff to file an amended complaint with her true name.  ECF No. 34.  Doe failed to do so, and the claim was dismissed.  ECF No. 36.  Doe appealed that dismissal to the First Circuit, which rejected the appeal.  ECF No. 45.  Doe then moved for Relief from Judgment under Fed. R. Civ. P. 60(b).  ECF No. 49.  This Court denied that motion, and Doe appealed to the First Circuit. ECF No. 51.  The First Circuit rejected that appeal, ruling that this Court did not abuse its discretion in denying the 60(b) motions.  ECF No. 55.  As of April 2026, there are no pending appeals in that previous case.

In April of 2025, four days after this Court denied Doe's Motion for Relief from Judgement, Doe filed another Complaint in this District Court under the name "Jane Smith." Smith v. Roe, 1:25-cv-10949 (D. Mass). The case was randomly assigned to Judge Kobick. ECF No. 6. MIT and Roe filed a motion to dismiss, ECF No. 9, and a motion for reassignment, ECF No. 10. Judge Kobick granted the motion to reassign the case back to this session. ECF No. 14. This Court issued an Order to Show Cause, ECF No. 39, instructing Smith to demonstrate her compliance with Federal Rules of Civil Procedure 10 and 17. The Court held a hearing on the issue of the name change on March 20, 2026. See Elec. Clerk's Notes, ECF No. 41. Smith indicated her intent to obtain an attorney, and the Court continued the case for 30 days. Id.

The instant Motion to Dismiss, ECF No. 9, has been briefed in its entirety. See Mem. Supp. Defs. Mots. Reassign Case & Dismiss Compl., ECF No. 10; Pls. Opp. Defs. Mot. Dismiss & Cross-Mot. Strike, ECF No. 25; Defs. R. Mem. Supp. Mot. Dismiss, ECF No. 32. The Court previously provided Smith with one month to find an attorney. See Elec. Clerk's Notes, ECF No. 41. She did not secure an attorney and appeared pro se at the Motion to Dismiss Hearing on May 7, 2026. See Elec. Clerk's Notes, ECF No. 68.

[3]

**B. Facts Alleged**

Smith alleges that in 2016, she began working at an MIT laboratory as a scientist under Defendant Roe.  Compl. ¶ 9.  She alleges that Roe and Smith launched an AI company, id. ¶ 14, and that Roe and MIT offered Smith a job at MIT running an AI research center.  Id. ¶ 20.  Smith alleges that she was misclassified as a non-employee at MIT, id. ¶ 23, and that she was discriminated against for both her gender and disability status.  Id. ¶ 29.  Smith alleges multiple administrative improprieties allegedly committed by Defendant Roe relating to how the lab was run, and that Defendant Roe competed with their AI company unfairly.  Smith alleges that MIT had knowledge of, and was 'recklessly indifferent' to Roe's conduct.  Compl. ¶ 89.

**II.  ANALYSIS**

The Court **DENIES** the Motion to Dismiss as to Counts 1-14.  The Court resolved the name issue and dismissed the derivative claims (including the M.G.L. 93(a) claim) at the hearing on May 7, 2026, see Elec. Clerk's Notes, ECF No. 68.  The Court now rules that Smith's remaining claims are saved by the Massachusetts Savings Statute.

MIT and Doe argue that the remaining 14 counts are untimely.  See Mem. Supp. Mot. Dismiss 8.  This case arises under federal question jurisdiction under the Americans with

[4]

Disabilities Act and Title IX.[4]  Because the state claims are brought under supplemental jurisdiction, Compl. ¶ 7, the Court begins with the federal claims.  The parties do not seem to dispute that Smith's tenure with MIT ended in June of 2021, when MIT chose not to renew her position.  See Compl. ¶ 87; Mem. Supp. Mot. Dismiss 8.

## A. Pleading Standard

To withstand a motion to dismiss, a complaint must "state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).  The complaint must include sufficient factual allegations that, accepted as true, "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Courts "draw every reasonable inference" in favor of the plaintiff, Berezin v. Regency Sav. Bank, 234 F.3d 68, 70 (1st Cir. 2000), but they disregard statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action," Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (cleaned up).

## B. Statute of Limitations for Federal Claims

The parties agree that for Title IX and the ADA claims, federal courts borrow from state law.  See Mem. Supp. 9, Opp. ¶

---

[4] While Smith now claims to reside in Washington, no Washington address has been provided on the docket and no claim has been made for diversity jurisdiction.

5.  MIT and Roe argue, and Smith does not contest, that a three-year statute of limitations applies to both claims.[5]  See id.

Because the parties agree that both federal laws draw upon state law for its statute of limitations, "a state savings statute like Mass. Gen. L. ch. 260, § 32 is applicable." Chao v. Ballista, 630 F. Supp. 2d 170 (D. Mass. 2009) (Gertner, J.) (applying the principle to a § 1983 claim).

**C. Statute of Limitations for State Law Claims**

The remaining state law claims are subject to the Massachusetts saving statute.  See Mass. Gen. L. ch. 260 § 32. Smith filed a previous lawsuit in state court on May 5, 2023, which was removed to this Court on August 23, 2023.  See Notice of Removal, ECF No. 1 (23-cv-11935-WGY).  This Court dismissed that complaint without prejudice on April 13, 2024.  See Elec, Clerk's Notes, ECF No. 34 (stating that the case is to be dismissed after 30 days if an amended complaint is not filed); Order, ECF No. 36 (dismissing the case).[6]  Smith filed the instant case on April 14, 2025.  See generally Compl.

---

[5] See Cloutier v. City of Lowell, No. CV 15-12780-FDS, 2017 WL 11488633 at n.16, *22 (D. Mass. July 12, 2017) (Saylor, J.) ("Plaintiff has not argued that the four-year federal 'catch-all' limitations period set forth by 28 U.S.C. § 1658 applies here. See Mercado v. Puerto Rico, 814 F.3d 581, 588-89 (1st Cir. 2016) (applying four-year statute of limitations to claims arising under the 2008 amendments to the ADA)").

[6] Smith appealed that dismissal to the First Circuit, which dismissed the appeal as untimely on February 10, 2025.  See Judgement, ECF No. 45.  Smith subsequently filed a 60(b) Motion,

The Massachusetts Savings Statute states that:

> If an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed or is dismissed because of the death of a party or for any matter of form, or if, after judgment for the plaintiff, the judgment of any court is vacated or reversed, the plaintiff or any person claiming under him may commence a new action for the same cause **within one year** after the dismissal or other determination of the original action, or after the reversal of the judgment . . . .

Mass. Gen. L. ch. 260, § 32 (emphasis added). The First Circuit has stated that the Massachusetts Savings Statute ought apply "to an action originally filed and dismissed in a court of another state or in a federal district court" when sitting in diversity jurisdiction. Rodi v. Southern New England Sch. of L., 389 F.3d 5, 18 (1st Cir. 2004). In Rodi, the First Circuit found that a dismissal due to a lack of personal jurisdiction qualified as "a matter of form" for purposes of the statue. In Jones v. Binette, 19 F. App'x 6, 6-7 (1st Cir. 2001), the First Circuit ruled the plaintiff's failure to file an opposition to a Motion to Dismiss not to constitute a matter of form.

It appears to be an unanswered question whether failure to comply with Federal Rule of Civil Procedure 10(a) constitutes "any matter of form" under the Savings Statute. Examples that

---

which was denied, and appealed that denial to the First Circuit. See ECF No. 47, 49, 51. The First Circuit rejected that appeal as well. ECF No. 55.

[7]

courts have found to qualify as matters of form are: personal jurisdiction (id.), subject matter jurisdiction (Corliss v. City of Fall River, 397 F. Supp. 2d 260 (D. Mass. 2005) (Woodlock, J.)), and service of process requirements (Chao v. Ballista, 630 F. Supp. 2d 170 (D. Mass. 2009) (Gertner, J.)).  Courts have interpreted the Savings Statute to question primarily whether a case was decided on the merits.  See Cannonball Fund, Ltd. v. Dutchess Cap. Mgmt., LLC, 84 Mass. App. Ct. 75, 84-89 (2013) (describing the history of the statute and collecting cases supporting this interpretation).

In Smith's prior suit, the case was dismissed for Smith's refusal to comply with Federal Rule of Civil Procedure 10(a). MIT and Doe argue that Massachusetts case law requires that for the Savings Statute to apply, that "[t]here must be 'no indication in the record that the plaintiff attempted for dilatory purposes to prolong the limitations period by reliance on the statute.'"  Cannonball, 84 Mass. App. Ct. n.26, 88 (citing Boutiette v. Dickinson, 54 Mass. App. Ct. 817, 819 (2002)).  MIT and Doe argue that Smith has engaged in gamesmanship to draw out this litigation despite the Court's explicit warning about the statute of limitations over two years ago.  Rep. Mot. Dismiss 5.

The Court rules that Smith's refusal to proceed under her true name falls under the catchall "any matter of form" of the

[8]

Massachusetts Savings Statute, as the case was not decided on the merits.  It is also clear from the record that Smith has utilized considerable judicial resources over the course of the last three years.  This includes filing two suits with this court, one of which required Judge Kobick to send the second suit back to this session, as well as three appeals to the First Circuit.  MIT and Roe are correct that the Massachusetts legislature likely intended the Savings Statute to apply only to those acting in the "exercise of due diligence."  See Rep. Mot. Dismiss 4-5 (citing Abrahamson v. Estate of LeBold, 89 Mass. App. Ct. 223, 226 (2016)).  At the motion to dismiss stage, taking every inference in favor of Smith, it is plausibly pled that Smith was attempting to navigate the court system to the best of her abilities as a pro se litigant.

### III.  CONCLUSION

The Motion to Dismiss as to the remaining counts 1-14, ECF No. 9, is **DENIED**.

WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[7]

---

[7] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 48 years.

[9]