UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE SMITH, individually and derivatively on behalf of AI Company (a pseudonym),<br><br>        Plaintiff<br><br>   v.<br><br>JOHN ROE (a pseudonym), and MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>        Defendants | Civil Action No. 1:25-cv-10949-WGY |

**DEFENDANTS' MOTION TO ENFORCE THE COURT'S
ORDER OF APRIL 29, 2026**

This motion concerns the so-called "Category 2" and "Category 3" documents that Plaintiff filed with the Court – ex parte and under seal – in response to the Court's show cause order of March 5, 2026. On April 29, 2026, the Court entered an order ***denying*** Plaintiff's motion to maintain those documents ex parte and under seal and ***allowing*** Defendants' cross-motion to compel service of the documents on counsel for the Defendants. Dkt. 58. Plaintiff refuses to serve the documents. Defendants ask that the Court enforce its order of April 29, 2026 in two ways: (1) requiring Plaintiff to promptly serve the documents at issue or be subject to sanctions up to and including dismissal of her case and (2) unsealing the documents at issue and placing them on the public docket.

**Relevant Procedural History**

Defendants filed their motion to dismiss the Complaint on August 1, 2025. Dkt. 9. On March 2, 2026, the Court scheduled a hearing on the motion for March 20, 2026. Dkt. 38. On March 5, 2026, the Court ordered Plaintiff to file, by March 19, 2026, an affidavit and any

1

supporting documentation that would demonstrate her compliance with Federal Rules of Civil Procedure 10 and 17.  Dkt. 39.  Plaintiff made no such filing.

At the hearing on March 20, 2026, the Court afforded Plaintiff a second chance – allowing her to file her response to the show cause order in the Clerk's office by 5 p.m. that day. Dkt. 41.  The Court also administratively closed the case for 30 days, based upon Plaintiff's representation that she intended to retain counsel.  Dkt. 41 and 42.

Plaintiff says she delivered her show cause papers before the 5 pm deadline on March 20, but the Clerk's office was closed, and the documents were accepted for filing on Monday, March 23, 2026.  Dkt. 46 at 1 n.1.  Plaintiff filed the documents under seal and *ex parte*.  *Id*. at 1.

The following day, March 24, 2026, Plaintiff filed a Motion for ***Temporary*** Maintenance of Documents Under Seal and for ***Interim*** Protective Relief, Dkt. 46 (emphasis added),  in which she described the documents she filed as falling into three categories and proposed a schedule for serving them and filing them on the public docket.  *Id*. at 2-4.  Plaintiff's motion sought only "temporary" and "interim" relief – pending a ruling on her proposed schedule for filing and service.  *Id*. at 3, 4.

Plaintiff filed the "Category 1" documents on the public docket on March 30, 2026, Dkt. 52, but Defendants still have not received and have no access to the "Category 2" and "Category 3" documents.

On April 29, 2026, the Court entered an order ***denying*** Plaintiff's motion and ***allowing*** Defendants' cross-motion to compel service of the remaining "Category 2" and "Category 3" papers on counsel for the Defendants.  The Court ordered Plaintiff to serve the papers by email no later than 12 pm on May 4, 2026.  Dkt. 58.

On May 4, 2026, Plaintiff filed a notice of interlocutory appeal from the Court's August 29, 2026 order, Dkt. 64, and an emergency motion for a *limited* stay of that order. Dkt. 60. The emergency motion sought only a limited stay – until 5 pm on May 5, 2026 – to allow Plaintiff time in which to file a "fully briefed memorandum" in support of a stay pending appeal. *Id*. Plaintiff filed a corresponding emergency motion for a limited stay in the First Circuit, No. 26-1510 (Dkt. entry dated May 4, 2026).

The Court denied Plaintiff's motion for a limited stay. Dkt. 65. The First Circuit did likewise. No. 26-1510 (Dkt. entry dated May 5, 2026).

Plaintiff never filed a "fully briefed memorandum" or any other papers in support of a stay, in either this Court or the First Circuit.

**Argument**

**A.    The Documents at Issue Should be Placed on the Public Docket.**

Plaintiff had no basis to file her show cause papers ex parte and under seal. She sought entry of an order maintaining the documents in that status only on a temporary/interim basis, pending a ruling by the Court on her proposal for public filing and service of the documents. The Court's order of April 29, 2026 is that ruling. The Court rejected Plaintiff's proposal. Accordingly, the documents should be placed on the public docket.

**B.    The Court Should Enforce its Order Compelling Service of the Documents.**

The Court also ordered Plaintiff to serve the documents on counsel for the Defendants, which Plaintiff refuses to do. The Court should enter an order requiring Plaintiff (again) to promptly serve the documents at issue or be subject to sanctions up to and including dismissal of her case.

3

Defendants are entitled to see the documents at issue in relation to their argument that Plaintiffs' remaining claims are barred by the applicable statutes of limitation and are not saved by the Massachusetts Savings Statute. The Court denied Defendants' motion to dismiss the remaining claims on this basis, reasoning that – at the motion to dismiss stage and taking all inferences in Plaintiff's favor – it was plausible Plaintiff was acting in "the exercise of due diligence" and not for dilatory purposes in pursuing her claims. Dkt. 79 at 9. But it remains open to Defendants to explore this issue in discovery and re-visit it at summary judgment and/or at trial. Defendants believe the remaining show cause documents – which they still have not seen – are relevant to this issue.

**C.      Plaintiff's Interlocutory Appeal is of No Consequence.**

Plaintiff's interlocutory appeal of the Court's April 29, 2026 order is of no consequence for at least two reasons.

First, as noted above, Plaintiff has not secured a stay of the order pending appeal. Her emergency motions for a limited stay were denied, and she has taken no further steps in support of a stay, in either this Court or the First Circuit.

Second, Plaintiff's interlocutory appeal is moot in any event. She appealed from the denial of her motion to maintain the show cause documents under seal and ex parte ***temporarily*** – only until the Court ruled on her proposal for public filing and service. The Court's April 29, 2026 order is that ruling. And Plaintiff got what she asked for – the documents were maintained under seal and ex parte until that ruling was made. Plaintiff never sought leave to maintain the documents ex parte and under seal beyond a ruling on her proposal for public filing and service – nor would she have any basis to do so.

**Conclusion**

The Court should enter an order (1) requiring Plaintiff to promptly serve the

documents at issue or be subject to sanctions up to and including dismissal of her case

and (2) unsealing the documents at issue and placing them on the public docket.

> MASSACHUSETTS INSTITUTE OF
> TECHNOLOGY and JOHN ROE,
>
> */s/ Daryl J. Lapp*
> Daryl J. Lapp, BBO #554980
> Nathalie Vega Orlandini, BBO #712480
> TROUTMAN PEPPER LOCKE LLP
> 111 Huntington Avenue, 9th Floor
> Boston, Massachusetts 02199
> 617-239-0100
> daryl.lapp@troutman.com
> nathalie.orlandini@troutman.com

**Local Rule 7.1 Certification**

The undersigned counsel for MIT and Roe has conferred with Plaintiff in a good-faith
attempt to resolve the issues presented by this motion.

> /s/ *Daryl J. Lapp*
> Daryl J. Lapp

**Certificate of Service**

I certify that on May 21, 2026, I caused a copy of this document to be served upon
Plaintiff-Appellant Jane Smith by email:

> jane@joinaspire.org

and first-class mail:

> ASPIRE c/o Jane Smith
> 6 Liberty Square, Suite 94450
> Boston, MA  02109

> /s/ *Daryl J. Lapp*
> Daryl J. Lapp

251482732v2